NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted December 2, 2014*

Decided December 4, 2014

## Before

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 14-2847 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 07 CR 143 |
| EMMETT BUFFMAN, *Defendant-Appellant.* | Joan Humphrey Lefkow, *Judge*. |

## Order

Emmett Buffman filed a motion under 18 U.S.C. §3582(c)(2), asking the district court to reduce his sentence as a result of a retroactive change to the Sentencing Guidelines. The judge denied that request, observing that Buffman has been sentenced to the statutory minimum, which is unaffected by the revised Guidelines.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Buffman's appeal does not contest that understanding. Instead he says that the district judge lacked jurisdiction to act at all, because the revised Guideline did not take effect until November 1, 2014, while the judge denied his motion in August 2014. But the Guideline is not what provides judicial authority to act (that is, jurisdiction); that depends on §3582(c)(2). The language of the retroactive Guideline prevents a district judge from *granting* a motion until November 1 but does not foreclose a motion's earlier denial. And it is hard to see what Buffman could gain from a remand, which would just produce a new denial for the reason already given by the district judge.

AFFIRMED